UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRAXTON L. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1230-JDT-cgc |
| ) | |
| MADISON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

ORDER ASSESSING *PRO RATA* FILING FEE
OF $31.81 PURSUANT TO PLRA

Plaintiff Braxton L. Taylor and ten other individuals, all of whom at the time were incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a joint *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) The complaint was opened as case number 19-1149-JDT-cgc. On August 7, 2019, the Court directed each Plaintiff to file an *in forma pauperis* affidavit and a copy of his inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 2.) Only Plaintiff Taylor and three others complied. On October 2, 2019, the Court granted those four Plaintiffs leave to proceed *in forma pauperis* and stated their *pro rata* shares of the filing fee would be assessed in separate orders. (ECF No. 4 at PageID 13.) The Court also severed the claims of Plaintiffs Taylor, Moore and

Brown and directed the Clerk to open a new civil case for each of them, (*id.* at PageID 14); Plaintiff Taylor's case was opened as case number 19-1230-JDT-cgc.

Under the PLRA, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604.

Accordingly, Plaintiff Taylor is ORDERED to cooperate fully with prison officials in carrying out this order.  It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit.  28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's

---

[1] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  Eleven Plaintiffs signed the original complaint, so Plaintiff Taylor's share of the filing fee is $31.81.  Because the fee cannot be divided equally between eleven individuals, the Clerk shall disregard the slight shortfall resulting from the *pro rata* assessment.

account during the preceding month, but only when the amount in the account exceeds $10, until Taylor's $31.81 share of the civil filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

> Clerk, United States District Court, Western District of Tennessee,
> 111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff Taylor is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE