# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| BRAXTON L. TAYLOR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1230-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY DISMISSING AMENDED COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON DEFENDANT BALDERRAMA

On November 6, 2019, the Court issued an order dismissing Plaintiff Braxton L. Taylor's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 10.) On November 20, 2019, Taylor submitted an amended complaint, (ECF No. 11), which is before the Court for screening. The Clerk shall list the Defendants as Madison County Sheriff John Mehr, the Madison County Jail Administrator, and Lieutenant First Name Unknown Balderrama.

Taylor reiterates his concerns about mildew and black mold on the walls and floors of the bathrooms, showers, and living quarters at the Madison County Criminal Justice Complex (CJC). (*Id.* at PageID 31.) He asserts that Sheriff Mehr and the unnamed Jail Administrator "are responsible for the upkeep and care of not only the prisoners but also where they are kept" but alleges that they "have failed miserably" in fulfilling that responsibility. (*Id.* at PageID 32.) Taylor alleges that he has been diagnosed with breathing problems from his exposure to the mildew and

mold and psychological problems "from worrying about how serious the breathing problems are." (*Id.*)

Taylor also alleges that he has been housed in "seriously overpopulated conditions," which made him and other inmates "suscept[i]ble to unnecessary violence and communicable diseases." (*Id.* at PageID 32-33.) He alleges that the conditions at the CJC "are so far below standards that 8th Amendment violations are just hanging there like ripe fruit on the lowest limbs. Just walk up and pick one." (*Id.* at PageID 33.)

Taylor further alleges that the "Defendants have abridged/shirked th[ei]r responsibility in affording plaintiff" access to showers and recreation. (*Id.*) He asserts that he is entitled to five hours per week of outdoor recreation time and at least three showers per week. (*Id.* at PageID 35.) Yet, he alleges, the Defendants have "failed . . . miserably" at fulfilling that responsibility. (*Id.*)

Taylor alleges that he has been denied a kosher diet, which has forced him "to go hungry until he has to eat unclean portions." (*Id.* at PageID 33.) Later in his amended complaint, he alleges that Lieutenant Balderrama "failed to make it where plaintiff could eat in good faith or conscience. She basically denied feeding him at all." (*Id.* at PageID 35.)

Taylor sues the Defendants in their official and individual capacities. (*Id.* at PageID 36.) He seeks $6 million in compensatory damages. (*Id.* at PageID 35-36.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 10 at PageID 25-27), and will not be reiterated here.

Taylor's claims against the Defendants in their official capacities are construed as against Madison County. For the reasons explained in the previous order, Taylor fails to state a claim against Madison County or any Defendant in his or her official capacity. (*Id.* at PageID 27.)

Taylor alleges that his exposure to black mold has caused him medical and psychological problems. This claim arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38.[1]

Exposure to black mold may constitute an objectively serious risk of serious harm to inmate health under the Eighth Amendment. *See Morales v. White*, No. 07-2018-STA-DKV, 2008 WL 4585340, at *14 (W.D. Tenn. Oct. 10, 2008) (citing cases). Although Taylor alleges generally that the Sheriff and Jail Administrator have failed in their responsibility for upkeep of the CJC, he does not allege that either Defendant was aware of the black mold and the health risks it posed and deliberately ignored those conditions. Taylor cannot sue the Sheriff and Jail Administrator merely because they are in a position of authority. He must allege their personal involvement in the alleged deprivation of his rights, which he does not do. *See Martin v. Harvey*, 14 F. App'x 307,

---

[1] It is not clear whether Taylor was a pretrial detainee or a convicted prisoner at the time of the alleged events. Although a pretrial detainee's claim regarding the conditions of his confinement is reviewed under the Fourteenth Amendment's due process clause, the standard is the same. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890-91 (6th Cir. 2018).

3

309 (6th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-95 (1978), *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). While it is possible the Sheriff and Jail Administrator were negligent in failing to keep abreast of the conditions of the CJC and address any issues, that negligence would not amount to a constitutional violation. *Farmer*, 511 U.S. at 835. Because Taylor fails to allege either Defendant's personal involvement in the conditions, he does not meet the subjective component of an Eighth Amendment violation and fails to state a claim against either in their individual capacity.

Similar problems befall his allegation that the CJC is overpopulated. Taylor generally alleges that Sheriff Mehr and the Jail Administrator "are responsible for keeping [overpopulation] minimized," but he does not allege either's personal involvement in the conditions. Moreover, Taylor does not allege that he has been adversely affected by the alleged overpopulation. He alleges only that the overpopulation has made him and others "suscept[i]ble" to violence and illness. Taylor's allegation of a hypothetical risk to his health or safety because of the overpopulation is insufficient to state an Eighth Amendment violation, *see Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001), and he lacks standing to assert the constitutional rights of any other inmate, *see Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989).

Taylor alleges that the "Defendants" have not provided him adequate recreation time or showers. The Sixth Circuit has held that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)). Taylor does not specify whether he was denied *any* recreational time or showers. He alleges only that the Defendants have "shirked their

4

responsibility" to provide him what he believes to be adequate showers and recreation. His sparce allegations do not state an Eighth Amendment claim.

Even if he had alleged a total deprivation of recreation time or showers, he refers to the Defendants only collectively without specifying who among them is responsible for the inadequate recreation and showers. Under even a liberal construction, Taylor's allegations again fail to state a claim against any Defendant. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

Taylor alleges that he has been denied a kosher diet, although he does not allege by whom. However, he separately alleges that Lieutenant Balderrama failed to provide foods that he "could eat in good faith or conscience." He alleges that he is forced to go hungry until he decides to "eat unclean portions." As explained in the previous order, Taylor has a First Amendment right to meals that meet his nutritional needs without violating his sincerely held religious beliefs. (ECF No. 10 at PageID 28 (citing *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015), and *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).) Liberally construing his complaint, Taylor alleges that, because Lieutenant Balderrama refuses to provide him a kosher meal, he is forced either to go hungry or eat foods that directly contravene his religious beliefs. If true, forcing such

5

a diet on him would violate his First Amendment rights. He therefore sufficiently alleges a First Amendment claim against Lieutenant Balderrama.

In conclusion, the Court DISMISSES Taylor's official-capacity claims and his individual-capacity claims against Sheriff Mehr and the Jail Administrator for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). His First Amendment claim against Lieutenant Balderrama shall proceed.

It is ORDERED that the Clerk shall issue process for Defendant Lieutenant Balderrama and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Balderrama pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Taylor shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Balderrama or on Defendant Balderrama personally if she is unrepresented. Taylor shall make a certificate of service on every document he files. Taylor shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2]

Taylor is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.