UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRAXTON L. TAYLOR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )   No. 19-1230-JDT-cgc |
| | ) |
| JOHN MEHR, ET AL, | ) |
| | ) |
|    Defendants. | ) |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On April 15, 2020, Defendant Lisa Balderrama filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a). (ECF No. 19.) When the *pro se* prisoner Plaintiff, Braxton L. Taylor, did not file a response, the Court granted the motion to compel on June 2, 2020. (ECF No. 23.) Plaintiff was ordered to serve, within 14 days after the date of the order, complete answers to five interrogatories for which he did not provide any answers at all and to clarify and/or supplement his answers to five others. (*Id.* at PageID 111-13.)

Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) on June 24, 2020. (ECF No. 24.) Defendant seeks dismissal of the case as a sanction for failure to cooperate in discovery on the ground that Plaintiff has not

complied in any manner with the Court's order compelling discovery.  Plaintiff's response to the motion to dismiss was due on or before July 13, 2020.  *See* Local Rule 7.2(a)(2); Fed. R. Civ. P. 6(a)(1), 6(d).[1]  Plaintiff has not, however, filed a response to Defendants' motion.

By his failure to respond to the motion to compel, failure to comply with the Court's order, and failure to respond to the motion to dismiss, Plaintiff has demonstrated that he does not intend to provide appropriate discovery in this matter.  His failure to do so has significantly prejudiced the Defendant's ability to defend the action.  Therefore, the Court finds that dismissal of this case is the appropriate sanction under Rule 37(b).

Accordingly, Defendant's motion to dismiss is GRANTED.  This case is DISMISSED in its entirety pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) for failure to provide discovery and to comply with the Court's order.  It is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that an appeal in this matter by Plaintiff would not be taken in good faith.

If Plaintiff nevertheless appeals the dismissal of this case and wishes to use the installment procedures for paying the $505 appellate filing fee, he must submit an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.  *See* 28 U.S.C.

---

[1] Local Rule 7.2(a)(2) requires responses to motions to be filed within 14 days.  The only exceptions are motions filed under Federal Rules of Civil Procedure 12(b), 12(c), and 56, which have a response time of 28 days.  *See* Local R. 12.1(b), 56(b).

§§ 1915(a)-(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d 944, 951 (6th Cir. 2013).

      The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE